**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CORAY E. KNIGHT,** | ) | |
| No. 27760, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:15-cv-00309** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **MONTOMERY COUNTY JAIL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff Coray Knight, an inmate or detainee of the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Jail and the county Sheriff John Fuson. The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.      Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.	Factual Allegations

The plaintiff complains about a lengthy laundry list of general conditions at the jail that he finds unpleasant or uncomfortable.  Those conditions include general uncleanliness of facilities (including mold and insects), clothes and bedding; food that is improperly prepared, stale or cold, in which there is sometimes hair; rumored mice and roaches in kitchen; frequent strip searches conducted in a storage closet; cells without fire sprinklers; limited telephone access to call attorneys; inability to receive visits from convicted felons; being required to clean during recreation time; no access to bathroom or water during recreation; misuse of funds by the sheriff; 3-day delays after asking to see a nurse; delay in repairing leaky toilet; required to eat on bed, floor or toilet because no tables are provided; jailers passing cleaning supplies through the same flap where food sits; sleep interruptions from lights and doors slamming; peeling paint; drafty, leaky windows; cold air conditioning; inmates on restriction required to wear shackles; female guards in tower while male inmates shower and get searched; no rule books provided to inmates; inmates required to pay for hygiene supplies; no electronic cigarettes provided; lack of programs for Tennessee Department of Correction inmates.  The only actual harm the plaintiff alleges as the result of any or all of these conditions is that cold drafts from windows causes one to "get sick just sleeping in bunk," and that his eyes and nose hurt because the air filters are dirty.

As defendants to his action, the plaintiff names the Montgomery County Jail and Sheriff John Fuson, solely in his individual capacity.  He seeks injunctive relief and unspecified amounts of nominal, compensatory and punitive damages.

## III.	Discussion

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any

person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that the conditions he describes violate his right to be free from cruel and unusual punishment under the Eighth Amendment.[1] To state an Eighth Amendment claim based on allegedly unsafe or unhealthy prison conditions, a plaintiff must allege facts showing that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component of this standard requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived the facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). "[A]n official's failure to alleviate a significant risk that *he should have perceived but did not*, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* (quoting *Farmer*, 511 U.S. at 838) (emphasis in *Comstock*).

In this case the plaintiff has not alleged any personal involvement by Sheriff Fuson sufficient to satisfy that standard. Supervisors cannot be held liable under Section 1983 for acts

---

[1] If the plaintiff is a pretrial detainee rather than an inmate, his claims would arise from the due process protections of the Fourteenth Amendment instead of the Eighth Amendment. As a practical matter, this distinction does not affect the court's analysis. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability").  Other than his allegation that the sheriff is misappropriating public funds, the plaintiff does not allege any facts that would establish that Sheriff Fuson is personally involved in or even aware of and disregarding any of the issues about which the plaintiff complains.  The alleged theft or misuse of jail funds does not establish a violation of an inmate's constitutional rights sounding in § 1983. *Patin v. LeBlanc*, No. CIV.A. 11-3071, 2012 WL 3109402, at *8–9 (E.D. La. May 18, 2012) ("While these allegations [of embezzlement and misuse of funds], if true, may address criminal activity, there is no private right of action under § 1983 where the activity did not directly violate the plaintiff's constitutional rights.").  Accordingly, the complaint fails to state a claim against Sheriff Fuson for which relief can be granted.

The only other defendant to this action is the Mongtomery County Jail itself.  But it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").  Because the plaintiff has not claimed that the alleged violations at the jail are carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Montgomery County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy

or custom of the County."). Plaintiff's suit, therefore, fails to state a claim under § 1983 against either named defendant.

**IV. CONCLUSION**

For the reasons set forth herein, this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge