**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CORAY E. KNIGHT,** | ) | |
|     **No. 27760,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | **Case No. 3:15-cv-00309** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **MONTOMERY COUNTY JAIL, *et al.*,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## ORDER

Plaintiff Coray Knight has filed this *pro se* action under 42 U.S.C. § 1983 against the Montgomery County Jail and Sheriff John Fuson. Presently before the court is the plaintiff's application to proceed *in forma pauperis*. (Docket Entry No. 2.) In addition, his complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Docket Entry No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's trust-fund account at the Montgomery County Jail is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of:

(a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this order to the Warden of the Montgomery County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the Warden must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth in the accompanying memorandum, the court concludes that the plaintiff fails to state a claim for which relief can be granted, and this action is **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.


Aleta A. Trauger
United States District Judge